trial of the issue of fact, remaining undisposed of, as to the demand and non-payment of jail fees.

SUTLIFF, C.J., and PECK, GHOLSON and SCOTT, JJ., concurred.

---

VALENTINE H. KETCHAM v. SIMEON FITCH AND ESTHER M. FITCH.

Upon a judicial sale of lands, for the satisfaction of a judgment or decree against the owner, the proceeds of sale can not, without his consent, be applied in discharge of the claim of a prior purchaser of the same premises at tax sale, where such purchaser is a stranger to the decree or order under which the judicial sale is made.

The last clause of the 77th section of the tax law of 1859 (S. & C. St. 1465), provides only for the discharge of taxes and penalties standing unsatisfied upon the duplicate.

ERROR to the district court of Lucas county.

The material facts in this case are as follows:

On the 15th of December, 1858, Simeon Fitch and Esther M. Fitch, his wife, executed to Valentine H. Ketcham a mortgage upon certain lands of the wife in the city of Toledo, to secure the payment of their joint note in three years from date, for the sum of six thousand dollars, with interest at the rate of ten per cent. per annum, payable annually. The note also contained a stipulation, that, if the interest was not paid promptly at maturity, the principal should fall due, and both principal and interest become payable.

The taxes upon the mortgaged property for the year 1858 were not paid, and in the year 1859, the property was charged upon the tax duplicate with the taxes of 1859 and the taxes of 1858, with the statutory penalty consequent upon the delinquency.

Default having been made in the payment of the interest, upon the note which fell due on the 15th of December, 1859, Ketcham elected to treat the principal and interest as due

and, on the 24th of December, 1859, filed, in the court of common pleas of Lucas county, his petition against the mortgagors, asking for a sale of the mortgaged premises to pay the debt. In this petition, no mention is made of the tax incumbrances, and no relief asked in respect thereto.

On the 9th of January, 1860, the property was sold at delinquent tax sale, to Joseph K. Secor, for $587.86.

On the 23d of January, 1860, in the action commenced by Ketcham, the court of common pleas found there was due to him, on account of his mortgage debt, the sum of $6600, with interest from the 17th of December, 1859, on $6000, at the rate of ten per cent., and on $600, at the rate of six per cent. per annum, and ordered that unless the same, with the accruing interest and costs of. suit, was paid within ten days, the mortgaged premises should be sold as on execution, and the proceeds applied to pay the costs of sale and of the suit, and the amount found due to Ketcham with the accruing interest, and that the overplus, if any, be brought into court to abide a further order.

Payment was not made as directed by the court, and an order of sale was issued. Under this, Ketcham became the purchaser of the property, at the price of $9001. On the 23d of March, 1860, and at the term of the court next succeeding that at which the judgment was rendered, on motion of Ketcham, the sale was confirmed and deed ordered.

After the confirmation of the sale, an order was entered distributing the proceeds as follows :

> In payment of costs........................... $   48.83
> To Ketcham (mortgage debt)................ 6774.90
> Balance to Esther M. Fitch................... 2177.27

From this order of distribution, Ketcham appealed to the district court. At the April term, 1860, of that court, he appeared, and asked leave to file a supplemental petition, setting forth the sale to Secor for taxes, and asking that Secor be made a party to the suit, and the amount of his claim upon the property ascertained and paid out of the proceeds of the sale. Secor, also, was at the same time present in court by

his attorney, and offered to enter his appearance and file an answer to the supplemental petition, and a cross petition setting up his purchase at tax sale, and asking to be paid out of the proceeds of the sale under the judgment, the amount of the purchase money advanced by him at the tax sale, with the interest from the 9th of January, 1860, and a penalty of fifty per cent. on the amount advanced. At the same time both Kctcham and Secor moved the court, to order a payment to Secor out of the proceeds of the sale, of the amount paid by him for the purchase at tax sale, with the accruing interest and penalty.

The court refused leave to file the supplemental petition, and answer and cross petition of Secor; and also refused to order the payment of any portion of the amount claimed by Secor, on account of his tax purchase; and did order the payment to Mrs. Fitch of all the surplus proceeds of the sale, after paying the claim of Ketcham and the costs.

Exceptions were taken to this ruling of the court, and to reverse the order for the payment of the surplus to Mrs. Fitch, this petition in error was filed.

*Hill & Pratt,* for plaintiff in error:

We claim that the statute of 1859, for the taxation of property, section 77, is decisive upon the only real question involved in the case—the *right* of the plaintiff, he being the purchaser at the sheriff's sale, to have the "taxes, penalty and the interest thereon," against the property, discharged out of the proceeds of the sale. The last clause of the section, found on page 1465, of S. & C. Stat., provides that, " whenever any lands so held by tenants in common, shall be sold upon proceedings in partition, or shall be taken by the election of any parties to such proceedings, *or when any real estate shall be sold at judicial sale,* or by administrators, executors, guardians or trustees, *the court shall order the taxes and penalties, and the interest thereon, against such lands, to be discharged out of the proceeds of such sale or election.*"

This plain provision of the statute, it seems to us, has been

clearly violated by the court, in making the order of which we complain.

1. This is a new provision of the statute. Nothing like it can be found in any of the tax laws enacted previous to 1859; and therefore there have been no decisions of the court which determine any question that may be raised in reference to it

Under this statute the rule *caveat emptor* does not apply; and the rule in the case of *Creps* v. *Baird*, 3 Ohio St. Rep. 277, decided previous to this statute, is changed by it.

2. This statute applies as well to a case where the property has been sold at delinquent tax sale, and bid in by a third person, as to one where it still stands upon the tax duplicate.

In the provision " that the *taxes and penalties and the interest thereon*," the use of the word " *interest*" shows that the legislature did not intend to provide solely for the payment of *taxes upon the duplicate*. There is no *interest* charged against the land up to the time of sale, nothing but *taxes and penalties*.

The state, so long as it controls the taxes, never charges or collects any interest on the taxes or penalties against any lands or lots.

3. The tax sale does not change the nature of the claim against the property. The taxes are not paid—not discharged—but the claim and the lien which the state held for the payment of the same is *assigned* to the purchaser at the tax sale. S. & C's Stat. 104, sec. 32. The purchaser at the tax sale has no *title* to the land, but a lien or claim for " taxes " or " taxes, penalty and interest," until the time for redemption has expired.

4. The *right* to have the taxes, penalty and interest due to Secor paid out of the proceeds of the sale, being established, the proper time for bringing the matter before the court, was after the proceeds were in court for distribution.

5. It may be said that Secor was not a party to this suit, and, therefore, his claim could not be acted upon, or its validity determined. But he was not a necessary party.

6. If he was a necessary party, the way to bring him in was by supplemental pleadings, and that need not be done

before order of sale. The suit was pending so long as the land
or the proceeds of it remained in any part undisposed of. The
proceeds of the land should be treated as land, and Secor
having a claim upon it should have been brought in as a
party. Code, sec. 40.

By the well established rules of chancery practice, our
supplemental petition, if it might have been filed before the
order of sale was entered, might equally well be filed after
the entry of that order. Daniel's Chancery Practice, page
1659 (1st American edition).

*M. R. & R. Waite,* for defendants in error :

The only question in the case is, whether the court could,
without the consent of the defendants, on motion of Ketcham
or Secor, order an application of the proceeds of the sale
under the judgment, to the *redemption* of the mortgaged
property from the sale to Secor for taxes.

It is admitted, that under the rule, as established in *Creps*
v. *Baird,* 3 Ohio St. Rep. 277, no such order could be made.
It was, in that case, expressly decided, that a purchaser at
judicial sale, takes the land subject to all tax incumbrances
existing at the time, and not provided for in the judgment,
and that he has no right to compel the owner to redeem
when a sale for taxes has taken place.

The counsel for the plaintiff, however, insist that the rule
thus laid down in *Creps* v. *Baird,* has been abrogated by the
operation of section 77 of the " act for the assessment and
taxation of property in this state," passed April 5, 1859, S. &
C. St. 1465. This section provides, that when any real estate
shall be sold at judicial sale, the court shall order the *taxes*
and penalties, and the interest thereon *against* such lands, to
be *discharged* out of the proceeds of such sale.

The language is, that all *taxes* against the lands shall be
discharged, not all *claims arising out of taxes.* If, therefore,
the claim in favor of Secor, at the time this order of distri-
bution was made, was a *tax* within the meaning of the statute
it should have been paid out of the surplus. If not, the rule
in *Creps* v. *Baird* still applies.

It was not a tax, but an interest in the land, growing out of a purchase at a sale for taxes.

The act regulating the sale of lands for taxes (S. & C. St., secs. 23, 101), provides, " that the person or persons, at said sale, offering to *pay* the taxes and penalty charged on such land, for the least quantity thereof, shall be the purchaser." Secor, then, when he purchased this land, *paid* the taxes, and, accordingly, in his answer and cross-petition, he avers that he "*paid* to the treasurer, on the purchase, the taxes, interest and penalty thereon charged, etc." Having been paid, they were *discharged*. When the court was called upon, therefore, to make distribution of the proceeds of the sale under this judgment, there were no *taxes* against the land to be discharged.

A purchaser at tax sale can not compel the owner of the land to redeem; but such purchaser acquires an inchoate title, which becomes absolute, if the land is not redeemed.

The use of the word " interest " in the act of 1859, does not change the case, and will not be permitted to have the effect of extending the operation of the statute, beyond what would otherwise appear to have been the intention of the legislature.

The application by Ketcham, to compel the defendants to redeem, came too late. A supplemental petition should have been filed before sale. 3 Daniel's Chy. Prac. 1656, note; *Pendleton* v. *Fay*, 3 Paige, 204; Story's Eq. Pl., sec. 338, a, and 423; *Dias* v. *Merle*, 4 Paige, 259.

Scott, J.—By the assignment of errors, in this case, it is claimed that the court erred:

1. In refusing plaintiff leave to file his supplemental petition, and make said Joseph K. Secor a party.

2. In refusing to order said taxes, penalty and interest, to be paid out of said proceeds of sale.

3. In ordering the surplus of said proceeds of sale, after paying the mortgage debt, interest and costs, to be paid over to said Esther M. Fitch.

The propriety of these several rulings of the court, de-

pends upon the same questions, to-wit : whether it was the duty of the court, without defendant's consent, to order the payment of Secor's claim, arising from his purchase at tax sale, out of the proceeds of the sale of the mortgaged premises.

In the case of *Creps* v. *Baird*, 3 Ohio St. Rep. 277, it was held, that a purchaser, at judicial sale, takes the land subject to 'all the tax incumbrances existing against it at the time of sale, and not provided for in the judgment, because, such sales being without warranty, the rule of *caveat emptor* applies to them. But, by the act of April 5, 1859, "for the assessment and taxation of property in this state, and for levying taxes thereon according to its true value in money," it is provided, in the close of the 77th section, that " when any real estate shall be sold at judicial sale, * * * the court shall order the taxes and penalties, and the interest thereon, against such lands, to be discharged out of the proceeds of such sale." S. & C. St. 1465. The question arising in this case, involves, merely, the construction of this enactment.

Being an innovation upon rules of law previously well settled, we may fairly assume that it should be construed strictly.

It is clear that such a case, as is here shown by the record, is not, *in terms*, provided for by the statute. It provides for the discharge of *taxes, penalties, and the interest thereon*. Taxes are imposed by public authority, and for public benefit. But, in this case, the *taxes* had been paid to the public. The land had been sold for their payment, and the claim of the state had been thereby fully satisfied. It is true that Secor, the purchaser at tax sale, had acquired thereby an interest in or lien upon the land. But this was not, in his hands, a tax. He had bought the *land*, and *paid* the *taxes*. His claim, if the owner desired to redeem the premises, was not even limited to the amount of the taxes and penalties which he had paid; but was enhanced by an additional penalty of fifty per cent., forming an aggregate, in this case, of nearly $800. And he had no power to compel the payment

of any part of this claim. It was optional with the owner whether he would redeem within two years, or suffer the title of the purchaser at tax sale to become perfect. Secor's claim, though arising from a purchase of the premises at tax sale, was, therefore, evidently something different from *taxes*. But it is argued, that as the statute provides that the taxes, penalties, and *interest* thereon, shall be discharged out of the proceeds of a judicial sale, and as no interest is by law chargeable on taxes until after a sale, it must be presumed that the legislature intended to provide for the extinguishment of claims arising from tax sales, as well as for the payment of taxes standing unsatisfied upon the duplicate. But this inference is very uncertain. We find that the same legislature, in the 32d section of the act "prescribing the duties of county auditors," passed on the day before the statute which we are now considering, has provided that when the title of the purchaser at tax sale fails on account of irregularity in the proceedings, he "shall be entitled to receive, from the proprietor of such land or lot, the amount of taxes, *interest*, and penalty, legally due thereon at the time of such sale," etc. It is easily understood how the term "*interest*" happened to be used, through inadvertence, in this connection. Prior to 1852, the statute required lands delinquent for the nonpayment of taxes to be placed on the duplicate for the next year, charged with the delinquent taxes, the *interest* thereon, and a penalty of twenty-five per cent. While the law stood thus, the statutes bearing upon that subject all spoke of the "taxes, *interest* and penalty." In 1852, the law was changed by substituting a penalty of thirty per cent., instead of "interest and a penalty of twenty-five per cent." But, notwithstanding this change of law, the word "interest" still claimed a right to a place with "taxes and penalty," and subsequent statutes, somewhat improvidently, acknowledged the justice of its claim. We think it more probable, that had the legislature intended to provide by the statute in question for the payment not only of taxes, but of individual claims arising from

the purchase of the premises at tax sale, that intention would have been directly expressed.

I have found no other place in the statute book where the sum payable in redemption of lands sold at tax sale is called *taxes.* So long as the claim against the owner stands unpaid upon the duplicate in favor of the public, it is always called a *tax,* or *tax* and *penalty,* or *tax, interest* and *penalty;* but after the *public* demand has been satisfied by a sale, and the claim against the owner becomes *private* property, it is uniformly spoken of in other appropriate terms. And if we look to the general purpose of the whole act in which this provision is found, either as disclosed by its title, or manifested throughout, in its several parts, the conviction is strengthened that, by the clause in question, the legislature meant nothing more than to provide for the payment and discharge, by the proper party, of all liens upon the premises sold, arising from the exercise of the taxing power, and still held by the state.

Thus construed, the law can be readily carried out by the court, upon motion, without making new parties.

The amount of taxes, properly so called, and penalty, due thereon, payable to the county treasurer, would be shown by the duplicate. But the amount payable to the purchaser at tax sale, would depend upon the regularity of the proceedings under which he claims. He must, therefore, be made a party, and the amount of his claim ascertained by an investigation of those proceedings. If all this can be done, after the judicial sale has been effected and confirmed, the result would be the application of the proceeds of sale not to the *payment* of *taxes,* but to the discharge of incumbrances owned and held by persons who were strangers to the whole proceeding at the time of sale, and the existence of whose claims may have prevented the land from selling at a higher price.

Prudent men, acting upon the maxim *caveat emptor,* would take such incumbrances into the account, and unless the law was well understood to mean what it does not say, would graduate their bids accordingly.

When creditors desire to sell lands of their debtor, free

15

from incumbrances, justice to him requires that the incumbran-cers should be made parties to the proceedings, before the order of sale.  Such has always been the law, and a majority of the court think the statute in question leaves it unchanged, except as to taxes and penalties thereon standing unpaid upon the duplicate.

The judgment of the district court is therefore affirmed.

SUTLIFF, C.J., and BRINKERHOFF, J., concurred.
PECK and GHOLSON, JJ., dissented.