Burkett, J.
The record shows that upon distribution of the proceeds of the sale, the court ordered first the payment “to the treasurer of this county the taxes due on said property, amounting to $445.73.” *592 This must be taken and understood as including all assessments then due and standing upon the duplicate. This seems to be conceded, or at least is not controverted, by counsel for the defendant in error, but it is claimed that the assessments not due but remaining unpaid should be paid out of the proceeds of the sale, either the whole amount including the interest, or with a proper rebate of interest. The courts below ordered the assessments and interest with a rebate for the unexpired time to be paid, and the question is whether this could be legally done over the objection of the judgment debtor. We think it could not. Section 19 of the act of April 24, 1890, 87 O. L., 288, amended, 91 O. L., 482, being section 2293-50, Bates’ Statutes, under which the assessments were made, provides that such assessments shall be a lien upon the property from the commencement of the work, and shall not be divested by any judicial sale. The general statute, section 2285, provides that special assessments shall be a lien from the date the assessment was made. ■
While it does not appear when the work was commenced, and not definitely when the assessing ordinances were passed, enough appears in the record, as against a demurrer, to show that the assessments were made and certified to the county auditor, and were liens upon the real estate in question at the time of the sale, confirmation and distribution, and that the unpaid installments of the assessment were not due, and were not standing upon the annual tax duplicaté at the time of the sale and confirmation..
Section 18 of the act of April 24, 1890, 87 O. L., 288, being section 2293-49, under which these improvements were made, provides that the assessments shall be placed on the duplicate of the county, and shall be payable at the office of the county treasurer in ten equal annual installments, the first of which shall be payable at the first semi-annual payment of taxes next succeeding the time said assessment is *593 placed upon the duplicate, and the others annually thereafter until all are paid, and said assessments shall he collected like other taxes, that is, with and in the same manner as state and county taxes, as is the wording in section 2295, Revised Statutes.
It will be noticed that the assessments are to be placed upon the county duplicate, and are payable at the office of the county treasurer. The only warrant the county treasurer has for receiving payment of assessments is the county duplicate, and this duplicate has upon it only the collections to be made for the current year. The auditor has no authority to place anything upon the duplicate for the current year unless it is due and payable during that year. By section 1043, Revised Statutes, it is provided that the delinquent list and the fees of the treasurer shall be deducted from the total amount of the duplicate in the settlement of the treasurer with the county auditor, and that he shall be charged with the balance. Section 1044 provides that the delinquent list shall consist of the taxes and penalties due and unpaid, and requires the auditor to give to the treasurer a certificate of the taxes which have become due and payable and remain unpaid; but no certificate is authorized as to taxes or assessments which are not due and payable and cannot become due for a year or more to come. As only the treasurer’s fees and the delinquent list can be deducted from the total amount of the duplicate, and as taxes and assessments which are not due and payable, cannot go on the delinquent'list, it would follow in case the whole assessments, though not due and payable, should be placed upon the annual duplicate, as urged by counsel for defendant in error, that the treasurer would be charged with the whole assessment, and would have to pay the same, even though the respective installments would not become due for years in the future. Such a construction of the statute is absurd and should not be adopted by *594 any court. The true construction is that the installments of assessments becoming due and payable in any one year are entered by the county auditor upon the county duplicate for that year, and are collected with and in the same manner as state and county taxes, and the subsequent installments as they become due and payable are placed upon the duplicate and collected in like manner.
Different auditors may have different methods of bookkeeping, unless uniformity is attained under Section 1041, Revised Statutes, but no auditor has any warrant of law to put upon the annual duplicate installments of assessments which are not due and payable during the year for which such duplicate is made. And installments of assessments which are not due and payable during the current year, and are therefore not upon the treasurer’s duplicate for that year, cannot be collected out of the proceeds of real estate sold at judicial sale, because they are not standing unsatisfied upon the annual duplicate. Installments of assessments are to be collected like other taxes; that is, with and in the same manner as state and county taxes, and such taxes cannot be collected out of such proceeds of sale unless they stand unsatisfied upon the annual duplicate. Ketcham v. Fitche, 13 Ohio St., 201.
In that case this court held that the amount due on a' sale for taxes, usually known as a tax sale, could not be paid out of the proceeds of the sale of real estate because the taxes included in such tax title did not stand unsatisfied upon the duplicate, the same having been paid by the purchaser at the tax sale and thereby removed from the duplicate. It was conceded in that case that the tax title was a valid lien upon the premises, and that in case the holder of the same had been made a party, an order would have been made for the payment of the amount due thereon, but held that such payment could not be made under section 77 of the tax law, now section *595 2854, Revised Statutes. In that case such payment could not be made under section 77 because the tax had been removed from the duplicate; and assessments not due and payable during the current year, cannot be paid out of such proceeds of sales, because, they have not yet reached the duplicate, and do not stand unsatisfied thereon. The treasurer has no jurisdiction over such unmatured assessments, and the auditor has no warrant of law for placing such assessments upon the annual duplicate of the treasurer.
The lien of such installments still remains upon the real estate just as the lien for general taxes remains on real estate after the day preceding the second Monday in April of each year, and yet when sold at judicial sale before the first day of October of such year, the taxes for that year, although a valid lien, cannot be paid out of the proceeds of the sale, but must be paid by the purchaser. Hoglen v. Cohan, 30 Ohio St., 436.
The same is true as to assessments. The installments that are rightly placed upon the duplicate which goes into the hands of the treasurer on the first day of October must be paid out of the proceeds of any judicial sale of real estate made on or after that date, but such installments must be paid by the purchaser when the sale is made before the first day of October. In the case at bar the sale was made in the month of May, and all installments due and payable at that time having been paid, it follows that the installments falling due thereafter, and to be placed upon subsequent duplicates, remained liens upon the real estate to be paid by the purchaser, and that the courts below erred in ordering such assessments to be paid out of the proceeds of such sale over the objections of the plaintiff in error.
The lien of a municipality on real estate for legal assessments remains on such real estate, unaffected by sales or transfers, and can be collected the same as other taxes, and in case of a sale under judicial pro *596 cess such municipality is neither a necessary nor proper party, for the mere purpose of having assessments paid out of the proceeds of sale, because the installments upon the annual duplicate of the treasurer will be paid out of the proceeds of the sale, when the sale is made on or after the first day of October, and if made before that day the lien will continue upon the lands sold, to be paid by the purchaser, and if not paid, to be collected' from the lands in his hands the same as other taxes. While the statute gives the owner of real estate the right to pay assessments and interest at any time, and thus free the real estate from the lien, such payment is at the option of the owner, and not at the option of the city; and when the owner refuses to pay the whole assessment and interest, the court has no right to compel him to do so by ordering such payment to be made out of the proceeds of the sale of the real estate. What the rule is to be in counties having a city of the second or third grade of the first class, as prescribed in section 1042, Revised Statutes, is not here involved and is not d’ecided.
The judgments of the courts below will be reversed, the demurrer of the plaintiff in error to the joint ansAver of the city of Dayton and Sarah Belle Whit-more will be sustained, and an order made that the money yet in the hands of the sheriff be paid over to the plaintiff in error.

Judgment reversed and judgment for plaintiff in error.