## SALE OF TAXES—LIS PENDENS.

[Circuit Court of Lucas County.]

THE SECURITY TRUST COMPANY v. C. W. ROOT.

Decided, October 31, 1903.

*Lis Pendens—Doctrine of, Not Applicable—As Against Proceedings
Under a Tax Sale—Paramount Interests of the State.*

1. The lien of taxes on land in favor of the state, and the right of
the state to proceed in the collection thereof in the mode pro-
vided by law, are paramount to the ownership or interests of
private parties, and are not affected by the circumstance that a
suit may be pending to foreclose and extinguish the title of the
owner.

2. The doctrine of *lis pendens* does not apply to one who obtains an
interest in the subject matter of the suit through one having a
title or lien superior to that asserted in the suit relied upon as a
*lis pendens*, that is not attacked in such suit, and the owner of
which is not a party to such suit; *lis pendens*, therefore, does not
apply to one acquiring an interest or lien at a tax sale.

PARKER, J.; HULL, J., and HAYNES, J., concur.

In the court below a general demurrer to the petition was
sustained, and plaintiff not desiring to plead further, a judg-
ment was entered against him, and he prosecutes error to this
court, so that the question is presented here, whether the petition
contains facts sufficient to constitute a cause of action in favor
of plaintiff against defendant.

Plaintiff sets forth in its petition that it is the owner of the
westerly thirty-eight feet of lot 10, Machen's first addition to
the city of Toledo. It then sets out in detail how it came to be
the owner of these premises. The history of the matter, in
brief, is that at one time it had a mortgage upon the premises;
that it foreclosed the mortgage, bid the premises in at foreclos-
ure sale, which was confirmed and a deed made. Then it sets
forth that pending these proceedings in foreclosure the premises
were sold for taxes at a delinquent sale to the defendant, Root;
that Root acquired a certificate such as is provided by law show-
ing that he was the purchaser at this tax sale; that Root claims

to have a lien on the premises by virtue of the proceedings under the tax sale. But the plaintiff says that Root having purchased pending these foreclosure proceedings, he took subject to the doctrine of *lis pendens* and acquired no interest that can be asserted against plaintiff's title.

In a case reported in the 20 Ohio Circuit Reports, at page 649 (*State, ex rel Mortgage & Trust Co.*, v. *William M. Godfrey, Auditor*), we had a similar state of facts under consideration. The real question there was as to the duty of the auditor to make a transfer upon the books, the question arising between one who had purchased the premises at foreclosure sale and one who had acquired a tax title. Our decision there was reversed by the Supreme Court in 63 Ohio St. We had occasion to discuss the question arising in this case, and in the course of the opinion this was said:

"The lien of taxes on land, in favor of the state, and the right of the state to proceed to the collection thereof, in the mode provided by law, are paramount to the ownership or interests of private parties, and are not affected by the circumstance that a suit may be pending to foreclose and extinguish the title of the owner. It is not necessary or proper to make officers, upon whom the duty devolves to collect these revenues, or the state, or political bodies to which these revenues go, parties defendant to the action. The government and its officers are not to be hindered, delayed or obstructed in proceeding according to law to collect taxes for the support of the government, by the litigation of private persons with respect to rights and interests subordinate to the claims of the state.

"To hold otherwise would be to read into the tax laws important conditions and limitations not appearing there and would be wholly unauthorized. Such provisions would make it easy for fictitious or long drawn out litigation to defeat the evident and proper policy of the state; that is, to make prompt collection of its revenues. That this is not permissible and wholly obnoxious to the policy of the law, is evident from many of the provisions of the tax laws and from their general scope and obvious policy. The rights of a purchaser at a tax sale under circumstances like those set forth here, are not affected by the foreclosure of the mortgage. We think that is a necessary conclusion to be drawn from the holding in *Ketcham* v. *Fitch, supra*. As to such purchases the rules of *lis pendens* do not

apply, and to his lien or title acquired from the state the effects of *lis pendens* do not attach.''

The case of *Ketcham* v. *Fitch* is reported in 13 O. S., 201. We still adhere to the views there expressed and just quoted, which views we believe are not antagonized by the reversal of the judgment by the Supreme Court. Counsel for plaintiff in error insist that we did not upon that occasion give consideration to the provisions of Section 5055, Revised Statutes, upon the subject of *lis pendens*. That section reads:

''When the summons has been served, or the publication made, the action is pending so as to charge third persons with notice of its pendency; and while pending no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title.''

But the doctrine of *lis pendens* does not apply to one who obtains an interest in the subject matter of the suit through one having a title or lien superior to that asserted in the suit relied upon as a *lis pendens*, that is not attacked in such suit and the owner of which is not a party to the suit; therefore the doctrine of *lis pendens* does not apply to one acquiring an interest or lien at a tax sale. And this principle receives illustration in the case of *Porter* v. *Barclay et al*, 18 O. S., 547. Counsel for plaintiff in error also cites in support of his contention the case of *Crum, Treasurer,* v. *Cotting,* 22 Iowa, 411. The fourth proposition of the syllabus reads:

''A purchaser of real estate at a tax sale made after the commencement of an action and the filing of a petition to foreclose a mortgage on such estate in favor of the university fund, acquires no interest in the premises as against such mortgagees which would not be cut off or bound by the decree in favor of said fund.''

But that authority is not in point here and should have no influence upon our decision for the reason that that decision was compelled by a statute of the state of Iowa, providing:

''Section 811. That in all cases where real estate is mortgaged or otherwise incumbered to the school or university fund of this

state, the interest of the person who holds the fee title shall alone be sold for taxes, and in no case shall the interest or lien of the state be affected by any sale of such incumbered real estate made for taxes,"

making the claim for taxes subordinate to the claim or interest of the state under a mortgage to the school or university founded by the state.

On the other hand, counsel for defendants in error have cited a number of cases in support of the contention that the purchaser at a tax sale is not affected by the *lis pendens* decisions of courts of other states, but we have not deemed it necessary (being so fully convinced upon this point) to examine those cases. I will, however, mention them that they may go into this report, viz.: *Wright* v. *Walker*, 30 Ark., 44; *Baykin* v. *Jones*, 67 Ark., 547; *Irving* v. *Cunningham*, 77 Cal., 52; *Wilson* v. *Bank*, 121 Cal., 630; *Barrelle* v. *Delassus*, 16 La. An., 280; *Flower* v. *Beasley*, 52 La. An., 280; *Becker* v. *Howard*, 4 Hun. (N. Y.), 359; last case affirmed, 66 N. Y., 5.

The judgment of the common pleas court in this case will be affirmed.

*Birchard A. Hayes*, for plaintiff in error.

*John C. Munger*, for defendant in error.