**FIRST NATIONAL INVESTMENT CORP v FRANK et**

Ohio Appeals, 9th Dist, Summit Co

No 2866. Decided April 26, 1937

H. A. Sullivan, Akron, for appellant.

Alva J. Russell, Pros. Atty., Akron, and Glenn A. Peters, Asst. Pros. Atty., Akron, for appellees

**OPINION**

By WASHBURN, J.

This matter is before the court upon an appeal on questions of law. The trial court sustained a demurrer to the petition of appellant, and the appellant not desiring to plead further, final judgment was entered against it.

The petition of appellant alleged that it was the owner of certain real estate described in said petition, which it acquired on the 29th day of April, 1935; that appellant acquired title through mesne transfers from one Mary E. Loftus, who acquired title from the sheriff of the county, said Mary E. Loftus having been the purchaser at sheriff's sale under date of February 7, 1935; that at said date there was charged and unpaid on the tax duplicate of said county certain special assessments and penalties, for the payment of which said appellees threaten to cause said property to be sold.

Appellant also alleged that, in the decree ordering such sale, the sheriff was directed

to pay from the proceeds the "taxes due and payable."

The prayer of the petition was for a "declaratory judgment" restraining the appellees from collecting, or attempting to collect, said assessments, and declaring said premises to be free and clear from said assessments.

It should be noted that there is no allegation in the petition that the appellees were parties or in any manner before the court in said foreclosure proceedings.

A purchaser in a foreclosure action who acquires title by virtue of a sheriff's deed, succeeds to all the rights, and █ holds the property free and clear of all claims, of all the parties to the action; but a judicial sale carries only the interest, estate, and rights in the premises that the parties to the proceedings had and could have asserted; no more and no less.

The appellees not having been parties to the foreclosure proceedings, were in no wise bound by any order which the court made in reference to the payment of taxes. If they had been parties, they would have been bound to look to the sheriff or his bondsmen for said taxes; but not having been parties, their rights are in no wise affected by said foreclosure.

The purchaser at sheriff's sale acquired the property subject to the rights of the appellees, which rights this action seeks to prevent them from exercising; and the present appellant, who acquired █ quired title to said premises by mesne conveyances from said purchaser, has no greater rights than said original purchaser acquired by such purchase from said sheriff.

The petition therefore did not set forth facts which entitled appellant to the relief sought, and the trial court properly sustained a demurrer to said petition; and upon failure of appellant to indicate a desire to plead further, the trial court properly rendered judgment against appellant. Judgment affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.