GRAFTON, APPELLANT, *v.* MONG, AUD., ET AL., APPELLEES.

(Decided February 23, 1938.)

*Mr. W. E. Pardee* and *Mr. C. T. Moore,* for appellant.

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. W. A. Spencer,* for appellees.

WASHBURN, J.   This is an appeal on questions of law.

In the Common Pleas Court the appellant filed a petition against the auditor and treasurer of Summit county to quiet the title of appellant to certain real estate owned by him against a claim for taxes assessed against the property.

The appellees filed a demurrer to the petition, which demurrer was sustained, and, the appellant not desiring to plead further, the court entered judgment against him, dismissing his petition.

We, of course, assume the allegations of the petition to be true; and, briefly summarized, they are as follows: A suit to foreclose a mortgage upon the real estate in question was instituted, and at that time there was also a lien for taxes, but no public official having authority in reference to the enforcement and collection of the taxes was made a party to the suit; a decree of foreclosure of the mortgage was entered, and the sheriff was directed to sell the property as upon execution and to bring the proceeds of the sale into court (but it does not appear that any reference to the tax lien was made in that decree); appellant, who was in no wise connected with the foreclosure proceedings and had no interest in the real estate, purchased the premises at sheriff's sale, and paid to the sheriff the full amount bid therefor; in the order confirming the sale the court directed the sheriff to pay the taxes from the proceeds of the sale before paying the judgment of the mortgagee in the foreclosure proceedings; "for some reason or other said taxes were not paid by said sheriff"; and the auditor and treasurer claimed that the real estate was still burdened with a lien for said taxes.

It is well settled that a sale under a judicial order confers upon the purchaser a title freed of all of the claims of the parties to the action, but that such sale carries only the interest, estate and rights in the prem-

ises that the parties to the proceedings had and could have asserted: no more, no less.

It was early held by the Supreme Court of this state (*Lessee of Corwin* v. *Benham,* 2 Ohio St., 36), that "The rule of *caveat emptor* applies in all its rigor to purchasers at judicial sales"; and that statement was repeated by the Supreme Court in *Creps* v. *Baird,* 3 Ohio St., 277. In the latter case it was held that, where no public official representing the taxing authorities which levied the taxes on real estate was made a party to a judicial sale of the real estate, the court was without authority, on distribution, to order the payment of the taxes which were a lien upon the real estate at the time of such sale, and that the purchaser took said property subject to such tax lien.

The principles of law just referred to applied to liens for taxes in favor of the public, as well as liens in favor of individuals that were a matter of public record.

The statute from early times has made taxes a lien upon real estate. It has for more than one hundred years provided substantially as is now provided by Section 5671, General Code, wherein it is declared that liens for taxes "shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually, and *continue until* such taxes, with any penalties accruing thereon, are *paid.*" (Italics ours.) Such taxes are a matter of public record, and purchasers of real estate which is subject to a tax lien are, by the rule of *caveat emptor,* charged with notice thereof.

As we understand it, counsel for appellant recognize the soundness of the principles of law hereinbefore referred to, but claim that the said principles were rendered inapplicable to tax liens by the enactment of what is now Section 5692, General Code, which in effect provides that, where real estate is sold by judicial

sale, the court shall order the taxes and penalties and interest thereon against such land to be discharged out of the proceeds of such sale.

The claim is that by the enactment of said statute the Legislature intended, in the event of a judicial sale, to transfer the tax lien from the real estate to the proceeds of the sale thereof, and that therefore, where the purchaser of real estate at judicial sale pays into court the entire purchase price, he, not being responsible for the proper application of the same on distribution, takes the property free from the lien of the taxes ordered paid from the proceeds of the sale. Is such construction of the statute warranted?

Liens for taxes to continue until paid being a legislative creation, the Legislature had authority to provide that such liens should cease in the event of a judicial sale of the real estate and attach to the proceeds of such sale, but if the Legislature intended to so provide it would be reasonable to expect the Legislature to either use language plainly indicating such intention or else amend Section 5671, General Code, which provides that a lien for taxes shall continue until paid. However, Section 5671, General Code, was not expressly repealed, and the doctrine of statutory repeals by implication is not favored. *Village of Leipsic* v. *Wagner,* 105 Ohio St., 466, at page 470, 138 N. E., 863.

It is well to bear in mind that the original section corresponding with present Section 5692, General Code (56 Ohio Laws, 175, Section 77, at page 205), was passed soon after the decision in the case of *Creps* v. *Baird, supra,* in which case the court had held that, where the taxing authorities were not parties to the action of foreclosure, the court had no authority, on distribution, to order the taxes paid from the proceeds of the sale, and that that section plainly gives

such authority but makes no reference to Section 5671, General Code.

It is also proper to consider that, when the section now corresponding with Section 5692, General Code, *supra,* was originally enacted, it was a part of an act ''for the assessment and taxation of all property in this state, and for levying taxes thereon according to its true value in money,'' and that ever since then that section has been and is now a part of Chapter 13 of the title relating to taxation, which chapter relates to. the ''collection of taxes.''

It is well, too, to bear in mind that that section uses no language relative to the power of the court in reference to the rendition of *judgments* in foreclosure proceedings where tax liens are involved, and that at least it does not pretend to authorize the court to render a judgment affecting the rights of a lienholder when such holder is not a party to the suit in which the judgment is rendered.

Considering the well-settled principles of law that we have referred to, and the circumstances existing at the time of the passage of what is now Section 5692, General Code, we are of the opinion that the Legislature intended, by the passage of the law, to supply the court with the authority which it had recently been held not to have—namely, to make an order, on distribution, which would be binding upon the *parties* to the suit, and facilitate the collection of taxes, but that the Legislature did not intend, if the order did not result in the actual payment of the taxes, to affect, in any wise, the right of the public to enforce the lien for taxes given to it by Section 5671, General Code, nor to nullify or modify the application. of the established rule of *caveat emptor* to purchasers at judicial sales.

In a somewhat similar case, *First National Investment Corp.* v. *Frank, Treas.,* 24 Ohio Law Abs., 474, we determined that:

"The appellees not having been parties to the fore-closure proceedings, were in no wise bound by any order which the court made in reference to the payment of taxes. If they had been parties, they would have been bound to look to the sheriff or his bondsmen for said taxes; but not having been parties, their rights are in no wise affected by said foreclosure."

While the principal contention of appellant in the instant case was not considered by us in that case, we adhere to the conclusion there reached.

The judges of this court find that the judgment which they have agreed upon in this case is in conflict with the judgment pronounced upon the same question by another Court of Appeals, to wit, the Court of Appeals of the Second Appellate District, the pronouncement having been made in the case of *In re Estate of Saviers,* 23 Ohio Law Abs., 166. The record in this case is therefore certified to the Supreme Court for review and final determination.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.