Zimmerman, J.
 

 Plaintiff set out in his petition that he purchased at judicial sale some sixty acres of land in Norton township, Summit county, Ohio, and paid to the sheriff the purchase price of the land upon delivery of a deed therefor; that in the order confirming the sale, the court directed payment of the court costs and of the taxes which were then a lien on the real estate involved, and further directed the sheriff to withhold from the proceeds of the sale a sum sufficient for the purpose.
 

 In addition, the plaintiff alleged that such taxes were not paid by the sheriff and have been placed by the county auditor upon the tax duplicate and certified to the county treasurer for collection, constituting a cloud upon plaintiff’s title to such premises.
 

 Then followed the prayer asking for the removal of such cloud and that the auditor and treasurer be enjoined from including the taxes on the duplicate and from collecting them.
 

 To secure a reversal of the judgment of the Court of Appeals,plaintiff relies mainly on Section 5692, General Code, the pertinent part of which provides:
 

 “When * * # real estate is sold at judicial sale, * * * the court shall order the taxes, penalties, assessments then due, and interest thereon, which are a lien on such land or real estate at the time of the sale, to be discharged out of the proceeds of such sale * *
 

 Basing his argument upon the quoted section and its interpretation in the case of
 
 Ketcham
 
 v.
 
 Fitch,
 
 13 Ohio St., 201, the plaintiff maintains that when he paid for the land' in question and the court ordered the necessary amount applied to the payment of taxes out of the proceeds of the sale, the tax lien was transferred from the land to the proceeds of sale and, consequently,
 
 *418
 
 the land was freed from the lien of such taxes. Is this a sound contention?
 

 At the December Term, 1854, this court decided the case of
 
 Creps
 
 v.
 
 Baird,
 
 3 Ohio St., 277, in which it was held in effect that a Court of Common Pleas, in the absence of consent by the affeetéd party, was without authority to order an application of any part of the proceeds of a judicial sale of real estate to the payment of taxes, and that the purchaser at such sale took the real estate subject to all tax encumbrances existing at the time, qnder the rule of
 
 caveat emptor.
 

 In 1859 the General Assembly passed Section 77 of the tax law (S. & C., 1464), which is now Section 5692 of the General Code, with the apparent object in mind of unqualifiedly permitting a court to order the payment of existing taxes on real estate out of the proceeds realized on the judicial sale thereof.
 

 The Supreme Court had occasion to comment on the enactment in
 
 Ketcham
 
 v.
 
 Fitch, supra,t
 
 but in the language used in the opinion we cannot find any substantial support for the claim of the plaintiff that when, under Section 5692, General Code, a court orders taxes paid from the proceeds of a judicial sale of real estate, a tax lien on the property is- automatically transferred to the proceeds of sale. The enactment loes specifically direct the court to make an order for the discharge of taxes out of the proceeds of sale, but to go further and accept the proposition advanced by -he plaintiff one must read into the statute a statement which is not there.
 

 In the determination of this case it is necessary to Recognize the plain language of Section 5671, General Code, passed in furtherance of the public interest, and reading:
 

 “The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property 3ubject to such taxes on the day preceding the second
 
 *419
 
 Monday of April, annually,
 
 and continue until such taxes, with any penalties accruing thereon, are paid * *
 
 (Italics ours.)
 

 Therefore, in the present case we have a situation where the court made an order that a part of the proceeds from a judicial sale of real estate, in the hands of the sheriff, should be applied by him to the payment of taxes. For some reason, undisclosed by the petition, he failed to comply with the order. Retention of the money by the sheriff was not payment to the treasurer, the official designated by law to receive tax moneys. The treasurer never got the money and, by the express terms of Section 5671, General Code, taxes continue a lien upon real property until paid.
 

 In the circumstances, it is difficult to see how the auditor and treasurer could be made to respond in a suit of this kind. It does not appear that they were parties to the proceedings resulting in the sale of the real estate, with an opportunity to assert the lien for taxes, or that they took any other action upon which an injunction suit against them might be grounded. Certainly they are uot connected with any dereliction on the part of the sheriff, in this instance a ministerial officer of the court who did not obey a lawful order.
 

 Plaintiff further argues that the fund in the sheriff’s hands for the payment of taxes was “public money” within the purview of Section 286, General Code, and belonged to Summit county, a political subdivision of the state; hence any responsibility in connection with the taxes is that of the county. Having reached the conclusion that the lien for taxes' was not transferred to the proceeds of' sale, and noting that Section 286, General Code, within which the definition of “public money” is found, relates to the recovery of money belonging to the state or a political subdivision thereof in an action instituted on behalf of the governmental
 
 *420
 
 unit to which, an amount is due, we cannot subscribe to this contention. We are dealing here purely with an injunction suit brought against' the auditor and treasurer of Summit county for a strictly private purpose.
 

 If plaintiff has a remedy in the unfortunate predicament in which he finds himself, it is other than the one selected.
 

 Believing that plaintiff’s petition does not state a valid cause of action against the county auditor and treasurer, and that the courts below were correct in so holding, the judgment of the Court of Appeals- is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Williams, Myers and Gorman, JJ., concur.