THE CANTON BANK & TRUST CO., APPELLEE, *v.* THE M. M. SMITH-MARTINDALE CO. ET AL., APPELLANTS.

(Decided June 8, 1939.)

*Mr. Charles S. Weintraub* and *Mr. John Rossetti,* for appellee.

*Mr. A. C. L. Barthelmeh,* prosecuting attorney, and *Mr. Carl F. Klein,* for appellant Fred G. Pontius, treasurer.

SHERICK, P. J. In this, an action in foreclosure, John Rossetti, as receiver, procured the issuance of an order of sale upon forty-nine properties. Sale was had and confirmed. The county treasurer had been made a party to the suit; in his waiver of the issuance of summons it was recited that the properties might be sold. Thirteen properties were sold in an amount sufficient to pay the tax liens thereon in full. Thirty-six properties were sold for various sums, which were insufficient to pay the respective tax liens thereon in full. The order of confirmation with respect to the

thirty-six properties directs that the decree shall operate as full satisfaction of the tax liens which are in fact but partially paid.

The appellant treasurer complains of this portion of the court's order and prosecutes this appeal, claiming that by virtue of Section 5671, General Code, these tax liens may only be removed by payment in full, in accordance with its terms, or by some further provision of the statutes otherwise directing. It is claimed that no such act is to be found. The appellee, however, asserts the contrary and points to Section 5692, General Code, which it advances as full warrant for the trial court's conclusion.

The first-noted section provides in part:

"The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property * * *, and continue until such taxes, with any penalties accruing thereon, are paid."

In a well considered case, *Grafton* v. *Mong, Aud.*, 60 Ohio App., 228, 20 N. E. (2d), 722, affirmed in 134 Ohio St., 416, 17 N. E. (2d), 649, it is advisedly pointed out that for more than half a century courts generally in judicial sales were without authority to require the payment of taxes out of the proceeds of sale, and that purchasers at such sales took subject to all tax encumbrances, under the rule of *caveat emptor*.

Judge Zimmerman, speaking for the Supreme Court, in *Grafton* v. *Mong, Aud., supra*, comments upon the apparent object of Section 5692, General Code, enacted in 1859. It is held that courts in such cases are now unqualifiedly permitted "to order the payment of existing taxes on real estate out of the proceeds realized on the judicial sale thereof." The Supreme Court further reviews its earlier decision in *Ketcham* v. *Fitch*, 13 Ohio St., 201, and with certainty concludes that even though a court may now order tax liens paid from the proceeds of a judicial sale, it does not follow that

"a tax lien on the property is automatically transferred to the proceeds of sale." To so hold would require the injection into the statute of that which is not to be found therein.

Judge Washburn, in the appellate report, at page 232, has this to say with respect to Section 5692, General Code:

"We are of the opinion that the Legislature intended, by the passage of the law, to supply the court with the authority which it had recently been held not to have—namely, to make an order, on distribution, which would be binding upon the *parties* to the suit, and facilitate the collection of taxes, but that the Legislature did not intend, if the order did not result in the actual payment of the taxes, to affect, in any wise, the right of the public to enforce the lien for taxes given to it by Section 5671, General Code, nor to nullify or modify the application of the established rule of *caveat emptor* to purchasers at judicial sales."

In *Grafton* v. *Mong, Aud.*, the sheriff had for some reason failed to pay the taxes ordered paid out of the proceeds of sale to the county treasurer. He, therefore, did not receive payment and the tax lien continued to endure in accordance with Section 5671, because Section 5692, General Code, was not broad enough to automatically transfer the tax liens to the proceeds of sale.

In the present instance the purchasers knew or must have known the amount of the tax liens against the respective parcels. It was also known that the offered and accepted bids were insufficient to pay the tax liens in full, but only in part. With respect to the deficiency the liens were not paid, but continued upon the properties "until such taxes, with any penalties accruing thereon, are paid."

It therefore must and does follow that the court was without authority to order satisfaction of the tax liens upon part payment thereof out of the proceeds of sale

of the thirty-six lots. The judgment is modified and affirmed as modified and the cause remanded.

*Judgment modified and affirmed as modified.*

LEMERT and MONTGOMERY, JJ., concur.