MARINI, ADMR., APPELLEE, *v.* ROACH ET AL., APPELLANTS.

(No. CA 4339—Decided June 2, 1976.)

*Mr. Francis J. Marini,* for appellee.

*Mr. James R. Unger,* prosecuting attorney, and *Mr. John B. Wirtz,* for appellant John R. Hoffman, Stark County Treasurer.

BADGER, J. This is an appeal from the Probate Division of the Stark County Common Pleas Court wherein an administrator sold real estate to pay debts. The real estate sold for $100 and the real estate taxes were $528.76. The court signed an order that the taxes existing as of the date of sale, January 13, 1975, be released and discharged as a lien on the premises.

The Stark County Treasurer was a party to the proceedings, filed an answer in the case, and appeals on the ground there is no authority, statutory or otherwise, wherein the Common Pleas Court, Probate Division, can order the release as satisfaction of the lien for real estate taxes and no authority in the code to order the records of the Treasurer and Auditor to reflect said release.

51 Ohio Jurisprudence 2d 542, Taxation, Section 412 states:

"The Revised Code expressly provides that when lands are sold * * * by administrators, executors * * * the court shall order the taxes, penalties, and assessments then due, and interest thereon, to be discharged out of the proceeds of such sale or election."

It is further stated, at page 544:

"Taxes upon real estate accruing after the death of the owner and prior to a judicial sale constitute debts to be paid out of the estate, but taxes accruing subsequent to a judicial sale are not debts of the decedent and it is not the right or duty of the executor to pay them."

R. C. Chapter 5719 deals with the collection of taxes. R. C. 5719.25 states:

"Lien on land to be discharged out of proceeds of sale.

"If land held by tenants in common is sold upon proceedings in partition, or taken by the election of any of the parties to such proceedings, or real estate is sold at judicial sale, or by administrators, executors, guardians, or trustees, the court shall order that the taxes, penalties, and assessments then due and payable, and interest thereon, which are a lien on such land or real estate at the time of the sale, be discharged out of the proceeds of such sale or election."

R. C. 5719.25 was effective October 8, 1965, and the prior identical section was G. C. 5692.

In *Canton Bank & Trust Co.*, v. *M. M. Smith-Martindale Co.* (1939), 62 Ohio App. 550, John Rossetti, as receiver, procured an order of sale upon 49 properties. A sale was held and confirmed. The county treasurer had been made a party. Thirteen properties were sold and the tax liens were paid in full. On thirty-six properties, the funds were insufficient to pay the tax liens in full. The order of confirmation, with respect to the thirty-six properties, directs that the decree shall operate as full satisfaction of the tax liens which are in fact only partially paid. In the above cited case, the question was squarely before the Common Pleas Court, under G. C. 5692, now R. C. 5719.25, on the cancellation of unpaid real estate taxes in a judicial sale. Prior to G. C. 5692, in judicial sales the courts were without authority to require the payment of taxes out of the proceeds of sale and purchasers at such sales took subject to all tax encumberances, under the rule of *caveat emptor*.

Judge Zimmerman, speaking for the court in *Grafton* v. *Mong* (1938), 134 Ohio St. 416, commented on G. C. 5692 (now R. C. 5719.25), enacted in 1859. He stated that courts, in such cases, are now unqualifiedly permitted "to order the payment of existing taxes on real estate out of the proceeds realized on the judicial sale thereof." (Page 418.)

The Supreme Court reviewed its earlier decision in *Kecham* v. *Fitch* (1862), 13 Ohio St. 201, and with certainty concluded that even though a court may now order tax liens paid from the proceeds of a judicial sale, it does not follow that "a tax lien on the property is automatically transferred to the proceeds of sale." To so hold would require the injection into the statute of that which is not to be found therein.

R. C. 5719.01 (formerly G. C. 5671) states:

"The lien of the state for taxes levied for all purposes * * * shall attach to all real property subject to such taxes * * * and continue until such taxes and any penalties, interest, or other charges accruing thereon are paid * * *."

The General Code section (R. C. 5719.25) was not broad enough to automatically transfer the tax liens to the proceeds of the sale. The purchasers knew or must have known the amount of the tax liens against the respective parcels. It was also known that the bid was insufficient to pay the tax liens in full. With respect to the deficiency, the liens are not paid, but continued upon the property "until such taxes, with any penalties accruing thereon, are paid."

There appears to be no case or decision reported in Ohio wherein real estate is sold to pay debts in the Probate Court and the funds are insufficient to pay the taxes and the question is does the tax become extinguished and cancelled or does it continue to remain a lien on the real estate? But see *Canton Bank & Trust Co.* v. *Smith-Martindale Co.*, *supra*, and *Grafton* v. *Mong*, *supra*.

The law, as set out in the above cases involving judicial sales, is that G. C. 5692 (now R. C. 5719.25) did not operate to extinguish tax liens where the proceeds of the sale were insufficient fully to pay the taxes. The lien for taxes levied for all purposes, in each year, attaches to all real estate and continues until such taxes with penalties are paid, or are extinguished by forfeiture or foreclosure.

The reasoning set out by the decisions in the above cases involving judicial sales is broad enough in principle to cover administrator's and executor's sales in the Probate Court. R. C. 5719.25 specifically mentions sales by administrators, executors, guardians along with judicial sales.

1961 Ohio Atty. Gen. Op. 399, No. 2410, finds that there is no statutory authority for removal of delinquent taxes from the tax duplicate even though foreclosure of the lien would be of no avail.

R. C. 2127.19 states:

"When an action to obtain authority to sell real estate is determined by the probate court, the probate judge shall make the necessary order for an entry of release and satisfaction of all mortgages and other liens upon the real

estate except such mortgage as is assumed by the purchaser. The executor, administrator, or guardian shall thereupon enter such release and satisfaction, together with a memorandum of the title of the case, the character of the proceedings, and the volume and page of record where recorded, upon the record of such mortgage, judgment or other lien in the office where it appears as a matter of record.''

This section is relied upon by the lower court for its authority to order the cancellation, in this case, of taxes and at first glance it does so appear. Can we read R. C. 2127.19 without giving any consideration to R. C. 5719.01, wherein the lien of the state for taxes levied shall attach to the real property until paid?

Because R. C. 5719.25, which provides for the discharge of liens in land sale proceedings by administrators, executors, guardians, trustees and judicial sales, has been construed to mean that the lien for taxes is not discharged until fully paid, we apply the same reasoning to R. C. 2127.19 and hold that the lien for the taxes cannot be discharged by the court where premises do not sell for sufficient funds to pay such and the purchaser takes same subject to a lien for the unpaid balance.

The unpaid taxes, penalties and interest cannot be cancelled in this case because the funds from the judicial sale were insufficient. They remain a lien on the land in the unpaid amount.

For the reasons separately set forth, each of appellant's two assigned errors are sustained and the decision of the lower court is reversed and this cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

RUTHERFORD, P. J., and PUTMAN, J., concur.

BADGER, J., retired from the Court of Common Pleas of Holmes County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.