**SHAW, Plaintiff-Appellant, v. MYERS, et., Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1900.   Decided January 23, 1947.

Marshall, Harlan & Smith, Dayton, for Walter D. Shaw, plaintiff-appellant.

Mathias H. Heck, Prosecuting Attorney, Dayton, for Chester A. Myers, Treasurer of Montgomery County, Ohio, and Alfred Swift Frank, Dayton, for The Miami Conservancy District, defendants-appellees.

156

## OPINION

By HORNBECK, PJ.

This is an appeal from a judgment of the Common Pleas Court dismissing plaintiff's petition after sustaining defendants' demurrers to the petition, plaintiff electing to plead no further.

We refer hereinafter to the defendant, Chester A. Myers, Treasurer of Montgomery County, Ohio, as the Treasurer and to The Miami Conservancy District as the District. The pertinent facts appearing in the petition are that plaintiff was on June 4, 1945, a purchaser of real estate, located in the City of Dayton, Ohio, described in the petition, which was sold on a mortgage foreclosure proceeding. The owners of the real estate, who were presumably the mortgagors, and the defendant Treasurer were parties to the suit and he was duly served with summons but filed no answer. The petition requested that said defendant Treasurer "be required to answer and set up any claim that he might have by virtue of unpaid taxes and assessments against the premises involved in the litigation." The Treasurer defaulted for answer or cross-petition. The petition further avers that the judgment entry provided in part that said defendant Treasurer was "in default for answer and to have confessed that the prayer of the petition was true, and no judgment of any nature was granted the said Treasurer * * * arising out of any assessment which defendant, The Miami Conservancy District might have claimed against said property." It is further alleged that the defendant Treasurer "claims to have an accumulation of assessments, penalties and interest in the approximate amount of Nine Hundred Dollars ($900.00), which he threatens to and will, unless restrained by this court, proceed to collect * * *" and that he the Treasurer, "will, unless restrained * * *persist in listing said assessments * * *against tthe property of this plaintiff * * *whereby a cloud is created against the title of this plaintiff." The prayer of the petition is that said defendant Treasurer "be restrained from taking any steps to collect said assessment claimed to be due the Miami Conservancy District * * *;" and "be required to remove such assessments from the records in his office as against the property of this plaintiff; that such assessments be cancelled; * * *."

We quote from the petition at considerable length to disclose how meager the facts were upon which the trial court sustained the general demurrer. It will be noted that the purchase price of the real estate, the amount of the judgment, the amount of general taxes or of the assessments due the District, the amount of the proceeds of the sale for distribution nor the order of distribution does not appear. The parties in their briefs have helpfully augmented the details in many particulars but the ruling of the court must be considered in the light of the averments of the petition.

The question presented is—does the petition state a cause of action for injunction against either of the defendants asserting against the plaintiff herein an action to recover delinquent taxes which have been assessed against the real estate involved by the defendant, the District, or for any relief by way of cancellation of said assessments.

Appellant asserts that such assessments levied by the District and placed in the hands of the Treasurer for collection may not be asserted by the District nor by the Treasurer because they, and each of them, are estopped by the judgment in the foreclosure suit in which the Treasurer, a party, defaulted as agent of said District. Defendants claim that the County Treasurer is not the agent of the District in the collection of its taxes and that, therefore, the District would not be bound by the judgment in the foreclosure suit because not a party thereto even if the Treasurer was a necessary party. It is further claimed that the assessments involved having been levied after September 2, 1935, §5692 GC, as then amended, is controlling to the effect that the assessments are a lien which must be recognized whether or not the appellees were parties to the foreclosure suit.

Appellant relies upon three cases: City of Cincinnati v Lingo, et al. (1897), 13 O. C. C. 334, 7 O. C. C. 356; City of Cincinnati v Sterritt, Assignee, et al (1897), 57 Oh St 654, affirmed on the authority of Cincinnati v Lingo; and Hilling, et al v City of Cincinnati, et al. (July 6, 1936), 8 O O 17, 54 Oh Ap 293. We advert to these cases later. All of them relate to delinquent municipal assessments and it is contended by appellant that the levies of the District are on a parity with municipal assessments and that the authority of the cited cases is not affected by §5692 GC as amended Sept. 2, 1935.

In the determination whether or not the petition states a cause of action it must be searched for facts which would support injunctive relief. Counsel for all parties devote considerable attention to §5692 GC prior to and as amended Sept. 2, 1935. Prior to the amendment, among other things, the sec-

tion provided that when real estate is sold at judicial sale, the taxes, penalties and interest thereon which are a lien on such land or real estate at the time of the sale shall be ordered paid out of the proceeds of such sale. As amended the section now adds "assessments then due."

We have in **In Re Estate of Saviers, 23 Abs 166,** held that—

"The failure to make the county treasurer a party to an action (by an administrator) to sell real estate to pay debts as required by §10510-15 GC is not a fatal defect, as the personal representative is charged with the knowledge of the succession tax lien and * * * when the property is sold, it is the obligation of the court to order the taxes against such lands to be discharged out of the proceeds from the sale."

These sections both relate to a judicial sale where there is proceeds of a sale sufficient to pay taxes or assessments to be distributed. This may or may not have been the status of the present suit. The petition is silent on this question but we may consider it in both aspects, first, if there is proceeds from the sale available for distribution then the section has application and the Court would be required to order the assessments due the District paid. On the other hand, if there is insufficient proceeds from the sale to pay the taxes and assessments, including the assessments of the District, we have another and a different problem for solution. From the briefs we learn that this latter is the factual development.

If the assessments of the District are in the same category as municipal assessments then the cases upon which the appellant relies must be given consideration. On the other hand, if the assessments of the District are upon the same basis as state taxes then differentiation may be made between the facts upon which the cases relied upon by appellant were decided and the controlling facts here. The Court in City of Cincinnati v Lingo, et al., supra, marked the distinction at page 337 of the opinion—

"That the same rule does not apply to an assessment made by a municipal corporation as it does to the lien of a state for taxes. * * *. The lien for taxes is the first and best lien, and must be paid, * *. This renders it wholly unnecessary for the question to be raised by any pleadings. But we have never understood that this provision applied also to assessments made by municipal corporations."

See also Monroe v Doe, 7 O. Part 2, 265. Sec. 6828-53 GC relating to conservancy assessments provides in part that—

"All conservancy assessments and taxes provided for in this chapter, * * *, shall, from date of filing the certificates herein described in the office of the auditor for the county wherein the lands and properties or public corporations are situate, until paid, constitute a lien, to which only the lien of the state for general state, county, city, village, school and road taxes shall be paramount upon all the lands and other property or public corporation against which such taxes shall be levied as is provided in this chapter. * * *."

To all intents and purposes this legislative action makes conservancy assessments levied as provided by law a lien on real estate affected until paid. This is specific language and under the doctrine of caveat emptor which applies in full force to judicial sales puts the purchaser at such sale on notice. **Creps v Baird, 3 Oh St 277; McKenzie v Perrill, 15 Oh St 162;** and **Dresbach v Stein, 41 Oh St 70.** The status then of assessments under the Conservancy Act is like unto that of taxes or assessments due the State which only are paramount.

We have not examined the code as it relates to municipal assessments but are statisfied to accept the conclusion of the Court in Cincinnati v Lingo, supra, that at that time there was a difference in the manner in which they will be considered in judicial sales.

It is our judgment that by reason of the express language of §6828-53 GC the District was not a necessary party in the foreclosure proceeding and that the fact that the Treasurer was named a party has not estopped him nor the District from asserting its lien against the property herein affected and that the demurrer was properly sustained. Had the Treasurer by cross-petition mislead the court to make an inadequate order of distribution, it might present a different question.

We conclude that the Treasurer is the agent of the District in the collection of conservancy assessments and that the District would be bound by his default in the suit if he were a necessary party. The judgment in Hilling, et al. v Cincinnati, et al., supra, quieting cross-petitioners' titles against the city's claim of a lien may be supported only upon the theory that the county auditor and county treasurer were the agents of and represented the city which was not a party to the suit. The Court expressly so held and the motion to certify was overruled in the Supreme Court

Although we have decided this appeal upon the express statutory provision affecting the lien of the District for its assessments levied, we will make some observations as to the cases upon which appellant relies. In Cincinnati v Lingo, supra, the syllabus reads—

"A city, after having been made a party in a foreclosure proceeding, and required to file its answer and cross-petition, and having done so, but fails to set up an alley assessment, is barred in a direct action to enjoin the collection of the alley assessment."

The facts in this case made a clear, convicing and equitable appeal to the chancellor. The purchaser in the foreclosure proceedings had paid the full purchase price into court. The city had answered and set up specifically all assessments which it claimed to be due from the mortgagor. This fund, if properly distributed, was sufficient to pay not only the assessments set up by the city which were paid but also those in arrears which were not pleaded. The funds were distributed in accordance with the answer of the city. Manifestly, the Court, in good conscience, could not permit the city to assert a new and different claim than that which was included in its answer and cross-petition and the facts presented all of the elements requiring the application of the principle of equitable estoppel.

We do not have the facts in Cincinnati v Sterritt, supra. In Hilling v Cincinnati, supra, the county auditor and county treasurer defaulted and the facts, except the type of assessment, are much like those found in the instant cause. The motion to certify in this case was overruled. The overruling of the motion to certify in the Supreme Court is not tantamount to an affirmance of the judgment. **Keesecker v McKelvey Co., 141 Oh St 162.** However, the nominal effect of such action is to lend support to the validity and correctness of the judgment. This case was refused certification by the Supreme Court shortly after the amendment to 5692 GC but there is some doubt if the extent and priority of the lien of the city for its assessment was to be determined by the amended section or by the old because the assessment was levied in 1930.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.