UNITED STATES of America,
Plaintiff-Appellee,

v.

COUNTY OF IOWA, Defendant-
Appellant.

No. 13266.

United States Court of Appeals
Seventh Circuit.

Oct. 5, 1961.

James P. Fiedler, Mineral Point, Wis., W. H. Putnam, Madison, Wis., for appellant.

Alan S. Rosenthal, Herbert E. Morris, Dept. of Justice, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., George E. Rapp, U. S. Atty., Madison, Wis., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

The United States instituted an action to foreclose a mortgage against defendant Davis Mining Enterprises for failure to comply with certain terms therein. The complaint, as subsequently amended, alleges that defendant mining company executed its note of $220,000 on September 24, 1953 payable to Reconstruction Finance Corporation. The mortgage under foreclosure was executed to secure such note and described certain real property of the mining company located in the County of Iowa, Wisconsin.

It was further alleged that:

"This loan was made by the Reconstruction Finance Corporation as an agent of the plaintiff under Section 302 of the Defense Production Act, as amended, (50 U.S.C.App., Secs. 2092–2094) and Executive Order 10281, August 30, 1951, (16 Fed. Reg. 8789) [U.S.Code Cong. & Admin.Serv.1951, p. 1076] amending Executive Order 10151 (15 Fed. Reg. 6105); and pursuant to the Re-

construction Finance Corporation Liquidation Act (P.L. 163, 83rd Cong., 1st Sess., 67 Stat. 230) and Executive Order No. 10489 of September 29, 1953 (18 Fed.Reg. 6201), [U.S.Code Cong. & Admin.Serv. 1953, p. 1057], the loan and real estate mortgage hereinafter described in paragraph ten (10) securing said loan were transferred to the Treasury Department of the plaintiff, and the plaintiff is the original and present real party in interest through the agency of the Reconstruction Finance Corporation."

Subsequently, several new defendants were brought to answer to certain lien claims. This appeal concerns only the claim of defendant, County of Iowa (Wisconsin). The County alone filed an answer and by way of a "second defense" asserted that under § 74.01 of the Wisconsin statutes it had a lien for unpaid real estate taxes on the mortgaged property in the amount of $5,455.87 for the years 1954, 1955 and 1956, and that this lien was prior and superior to that of plaintiff mortgagee.

The facts pertinent to this appeal were undisputed. The trial court rendered judgment of foreclosure as prayed for in the amended complaint and that the mortgage lien was prior and superior to the subsequent tax liens of certain defendants, including County of Iowa.

Defendant County of Iowa has appealed and the issue for determination concerns the question of priority between the mortgage lien and the tax lien of the County.

■ The district court was correct in holding that RFC was acting as an agent of the United States in making the defense loan to Davis Mining Enterprises and that the United States is the sole owner of the note and mortgage.

In a recent decision involving priorities under the Bankruptcy Act we gave consideration to the relationship between RFC and United States in loans made by RFC under the Defense Production Act of 1950. In re Peoria Consolidated Manufacturers, Inc., 7 Cir., 1961, 286 F.2d 642. The reasoning and holding in that case is fully applicable to the present proceeding. In making defense loans under the circumstances of the instant case, RFC was acting as an agent of the United States and the United States became the sole owner of the note and mortgage. We need not restate our review of the Defense Production Act set out in Peoria at pages 644–45 of 286 F.2d. See, also, United States v. Buffalo Coal Mining Company, D.C.Alaska 1959, 170 F.Supp. 727, 734; In Re Premier Mill Corporation, D.C.W.D.N.Y.1956, 171 F.Supp. 733.

■ Since the United States is the owner of the note and mortgage in question, the law of the State of Wisconsin cannot impair plaintiff's mortgage contract nor will the state tax take precedence over the federal lien under the circumstances of this case. United States v. Ringwood Iron Mines, D.C.N.J.1957, 151 F.Supp. 421, affirmed 3 Cir., 1958, 251 F.2d 145, certiorari denied 356 U.S. 974, 78 S.Ct. 1138, 2 L.Ed.2d 1148.

The district court properly applied the rule "first in time—first in right" in determining the priority between the mortgage and tax liens.

■ The holding of the Fifth Circuit in United States v. Roessling, 1960, 280 F.2d 933, 935–936, is applicable to the case at bar, wherein they say:

"It is well established that, in the absence of a controlling federal statute, the priority of federally created *tax* liens is determined by the rule that a lien first in time is first in right. United States v. City of New Britain, 1954, 347 U.S. 81, 85, 74 S.Ct. 367, 98 L.Ed. 520; Michigan v. United States, 1943, 317 U.S. 338, 340, 63 S.Ct. 302, 87 L.Ed. 312. That rule governing the priority of federal tax liens has been applied to federal mortgage liens as well. City of New Brunswick v. United States, 1928, 276 U.S. 547, 555, 48 S.Ct. 371, 72 L.Ed. 693; United States v. Latrobe Construction Co., 8 Cir., 1957, 246 F.2d 357, 364; Southwest

Engine Co. v. United States, 10 Cir., 1960, 275 F.2d 106, 107."

We agree that the rule laid down in United States v. City of New Britain, 1954, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 that in tax liens "the first in time is the first in right" is equally applicable to federal mortgage liens under the circumstances of the case under review.

The County of Iowa now asserts for the first time in this appeal that there were other issues of fact raised by its answer which were not tried below. It raises this question too late to merit consideration at this time. This defendant was given notice of the hearing by the district court but chose not to appear. It took no action in the trial proceedings to save this question on appeal. There is no jurisdictional issue involved. We find no reasonable ground to remand this case for further hearing.

The judgment of the district court is Affirmed.