**STREETER BROS., a co-partnership of Billings, Montana, Plaintiffs,**

v.

**Lee OVERFELT and Dona Mae Overfelt, husband and wife, Unemployment Compensation Commission of Montana, United States of America, and State Board of Equalization of the State of Montana, Defendants.**

Civ. No. 328.

United States District Court
D. Montana,
Billings Division.

Nov. 29, 1961.

As Modified Feb. 21, 1962.

**144**

Earl V. Cline and Robert E. Hendrickson, Billings, Mont., for plaintiff.

Moody Brickett, U. S. Atty., Butte, Mont., and Clifford E. Schleusner, Asst. U. S. Atty., Billings, Mont., for defendant U. S.

JAMESON, District Judge.

This is an action for the foreclosure of a real estate mortgage. The sole question presented for determination is the relative priority of tax liens of the United States and property taxes paid by plaintiff, costs incurred by plaintiff in extending an abstract of title, and plaintiff's attorney fees.

The tax liens of the United States were assessed and filed for record as follows: $821.85 assessed November 13, 1959; $256.45 assessed January 8, 1960, both filed May 4, 1960; and $1,025.68 assessed September 23, 1960, filed November 4, 1960. Plaintiff paid real property taxes to Yellowstone County, Montana, in the amount of $179.98 on or about November 30, 1960.

A tax lien in favor of the United States arises as of the date the assessment is made and continues until the liability is satisfied or becomes unenforceable by reason of lapse of time. 26 U.S.C.A. §§ 6321 and 6322. Unless a state created lien is afforded notice protection under § 6323, it must be specific, perfected, and choate, *prior to the date of assessment* upon which the federal tax lien arises, if it is to be preferred over the federal tax claim. In other words, if the state lien is specific, perfected and choate, and the debtor is not insolvent (see § 3466 R.S., 31 U.S.C.A. § 191), relative priority with federal tax liens is determined by priority in time, or "the first in time is the first in right". United States v. New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. That priority of federal tax liens is determined according to federal law is well settled. Michigan v. United States, 1943, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312; United States v. New Britain, supra; United States v. Christensen, 9 Cir., 1959, 269 F.2d 624.

A lien is specific and perfected so as to be choate when nothing further need be done to make the lien enforceable. United States v. Bond, 4 Cir., 1960, 279 F.2d 837, 841, and cases there cited. A lien is perfected in the sense that there is nothing more to be done "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established". United States v. New Britain, supra, 347 U.S. at 84, 74 S.Ct. at 369.

State statutes, such as Sections 84-3809 and 84-3807,[1] R.C.M.1947,

1. These sections provide:

§ 84-3809. "Every tax due upon real property is a lien against the property assessed; and every tax due upon improvements upon real estate assessed to others than the owner of the real estate

while helpful as aids in determining when state tax claims become specific and perfected so as to be choate liens, do not and cannot in themselves operate to confer priority on state tax claims over those of the federal government. See Michigan v. United States, supra. While under the statutes of Montana a tax upon real property is a lien that attaches on the first Monday in March in each year, the rate of the tax is not determined until at least the second Monday in August when the board of county commissioners meets to fix the rate of county taxes and designates the mill levy. Section 84–3805, R.C.M.1947. The second Monday in August, 1960, was the 8th day of that month. The real property taxes in question were levied on August 10, 1960. Without attempting to pinpoint the precise time the state tax lien became "choate" it clearly could not meet the test set forth above before August 8, 1960.

 It is my conclusion accordingly that the federal tax liens for $256.45 and $821.85, filed May 4, 1960, for taxes assessed November 13, 1959, and January 8, 1960, have priority and must be satisfied ahead of plaintiff's claim for state real property taxes. Counsel for the United States, in brief, concede that

the state real property taxes were choate on August 10, 1960. Accordingly, plaintiff's state tax lien is entitled to priority over the federal tax lien for $1,025.68 filed November 4, 1960, for taxes assessed September 23, 1960.

 The United States urges that under the rules applicable in determining priorities among liens, plaintiff's claims for costs of extending abstract, attorney fees, and costs of suit are also subordinate to the federal tax liens, citing United States v. Bond, supra. The Bond case supports this position in holding that an attorney fee paid in protection of the lien of a mortgage was subordinate to a federal tax lien which had attached prior to incurring the fee.[2] A dissenting opinion by Judge Haynesworth, however, relies upon two decisions of the Court of Appeals of the Ninth Circuit which hold that attorney fees, as well as interest, are a "part of the secured debt and are entitled to be collected as such", and should be considered with the principal and interest as one entire obligation arising at the time of the execution and delivery of the mortgage.[3] United States v. Sampsell, 9 Cir., 1946, 153 F.2d 731, 736; United States v. Halton Tractor Company, 9 Cir., 1958, 258 F.2d 612.

---

is a lien upon the land and improvements; which several liens attach as of the first Monday of March in each year."

§ 84–3807. "Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent. The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof."

2. The court said in pertinent part:

"For the same reasons, we must subordinate to priority of the federal tax liens the claim for an attorney fee paid by Perpetual in protection of the lien of its mortgage. The fee was incurred long after the attachment of the federal tax lien; and at the time of the execution of the mortgage and the creation of the debt secured thereby, the future existence or amount of such attorney fee was, at best,

speculative and uncertain." 279 F.2d at 846.

3. In United States v. Sampsell the court said: "The government contends that the United States tax liens were not to be subordinated to the attorney's fees awarded to the mortgagee. Attorney's fees are a part of the secured debt and are entitled to be collected as such. There is no claim that the fees in question are not made a part of the debt or that they are not secured by the same lien, but only that the principal then due on the mortgage at the time the government lien attached may not be increased by attorney's fees for services to be performed in the future by any doctrine of 'relation back'. There is no need, however, for such a doctrine to support a lien for attorney's fees. Attorney's fees as well as interest are provided for in the obligation and the reasoning which supports the interest claim applies in the provision for attorney's fees."

Here the mortgage expressly provides for the payment of costs and attorney fees.[4] The statutes of Montana also provide that in an action to foreclose a mortgage the court must allow, as a part of the costs, a reasonable attorney fee.[5] It is true that the mortgage also provides that the mortgagor will pay all taxes and assessments which may be levied against the mortgaged property and that in default thereof the "mortgagee may pay the same". Counsel for the United States accordingly contend, and Bond so held, that the attorney fees and property tax liens must be treated alike.

It appears to me, however, that even though the mortgage authorizes payment of taxes by the mortgagee in the event of default, this provision merely permits the mortgagee at its option to satisfy the existing tax obligation and recover the amount paid. There is a valid distinction between the payment of taxes and the payment of costs and attorney fees.

The property tax has an independent status as a lien[6] and is not dependent upon mortgage provisions for its existence or for its relative priority. Costs and attorney fees, like interest, are a part of the mortgage debt itself and are also a necessary expense of enforcing the mortgage lien. The Court of Appeals of the Ninth Circuit has recognized repeatedly the mortgagee's preference with respect to accruing interest.[7] Particularly in view of the fact that the mortgage was in default when the federal tax liens attached, costs and attorney fees should be accorded the same status as interest, even though the exact amount of each may not be ascertained until decree of foreclosure is entered.

The Court of Appeals of the Ninth Circuit held in United States v. Christensen, supra, that payment of local taxes on mortgaged property by a prior mortgagee after federal tax liens had attached did not give the mortgagee a lien for the local taxes superior to the prior lien of the United States. While the Christensen case did not consider attorney fees or interest, the opinion clearly recognizes that state and local taxes in themselves constitute liens distinct from the lien of the mortgage. No reference was made in the Christensen case to the Sampsell and Halton Tractor Company cases. The three cases may be reconciled on the basis that interest, costs and attorney fees are all a part of the lien of the mortgage, whereas state and local taxes constitute distinct liens in themselves.[8]

---

4. Paragraph 7 of the mortgage reads: "Mortgagor will pay all and singular the costs, charges and expenses, including reasonable lawyers' fees, reasonably incurred or paid at any time by said Mortgagee because of the failure on the part of the said Mortgagor to perform, comply with, and abide by each and every the stipulations, agreements, conditions, and covenants of said promissory note and this lien, or either, and every such payment shall be fully secured by this mortgage, shall be payable on demand and shall bear interest at the above rate."

5. Section 93–8613 reads: "In an action to foreclose a mortgage or pledge, the court must allow as a part of the costs a reasonable attorney's fee, which shall be fixed by the court, any stipulation in the mortgage or any agreement between the parties to the contrary notwithstanding."

6. In United States v. New Britain, supra, the Court found that the contest was between "two groups of statutory liens", one held by the state and the other by the United States. The question of whether interest, costs and attorney fees would be entitled to the same priority as the principal of the mortgage debt was not involved.

7. United States v. Sampsell, supra; United States v. Halton Tractor Company, supra; Jefferson Standard Life Ins. Co. v. United States, 1957, 9 Cir., 247 F.2d 777.

8. In Security Mortgage Co. v. Powers, 1928, 278 U.S. 149, 156, 49 S.Ct. 84, 73 L.Ed. 236, the court reversed a judgment disallowing a claim for attorney fees in a bankruptcy proceeding, holding that the fees were a part of the mortgage debt even though they accrued after adjudication, the court saying, "The contingent obligation to pay attorney's fees was a part of the original transaction." This was quoted in United States v. Sampsell, supra, in support of the court's

It is my conclusion accordingly that the cost of extending the abstract and attorney fees take priority over defendants' tax liens.

conclusion that attorney fees are a part of the secured debt. It was distinguished in Bond, supra, on the ground that the

case did not involve a lien for delinquent federal taxes.