85 N.J. Super. 18 (1964)
203 A.2d 529
THE CAMPTOWN SAVINGS AND LOAN ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
UNITED STATES OF AMERICA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1964.
Decided September 30, 1964.
*19 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Julius Barr argued the cause for plaintiff (Mr. Arthur A. Werthmann, attorney).
Mr. Nathan Edgar Finkel, Assistant United States Attorney, argued the cause for defendant (Mr. David M. Satz, Jr., United States Attorney, attorney).
PER CURIAM.
This is an appeal by the United States from an order of the Superior Court, Chancery Division, which adjudged that a counsel fee allowed in a foreclosure, under R.R. 4:55-7(c), had a priority over a federal tax lien.
The mortgage foreclosed was executed by the taxpayer to respondent Camptown Savings & Loan Association (hereafter Camptown) and recorded in 1954. On May 29, 1962 the District Director of Internal Revenue filed in the Union County Register's Office a federal tax lien against the taxpayer.
*20 The mortgage fell into default in December 1962. Camptown instituted foreclosure on March 25, 1963, asking the court to allow a counsel fee pursuant to R.R. 4:55-7(c). The United States was made a party defendant because of the tax lien. The final judgment of foreclosure entered by the Chancery Division on August 7, 1963 awarded Camptown a counsel fee of $167.41.
A mortgagee is given certain protection against federal tax liens by 26 U.S.C. § 6323. The construction of that section and the priority of federal versus state liens are governed by federal and not state law. United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071 (1953). Under the facts above stated, the federal tax lien had priority. United States v. Pioneer American Ins. Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963).
Camptown argues that Pioneer is distinguishable because in New Jersey the amount of the fee is fixed by a rule which has the force of a statute; the amount provided for by that rule is fixed and definite, and not merely a "reasonable" fee, as was provided for in the mortgage in Pioneer; and, because the fee is fixed by rule, it is an "administration expense." Finally, Camptown argues that since the sale of the foreclosed property produced an amount over and above the amount due it, exclusive of the attorney's fee (but not enough to pay the federal lien in full), the surplus constitutes a "fund in court" within the meaning of R.R. 4:55-7(b) and therefore the fee is entitled to priority.
We find no merit in any of these arguments. It is admitted that the attorney did not create, benefit or protect the so-called fund, and he "administered" nothing. That the fee is provided for by rule or statute is immaterial. Cf. United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283 (1963). That R.R. 4:55-7(c) sets forth the precise percentage which is to be allowed is also immaterial in the case at bar, for, when the federal tax lien was filed, the mortgage was not even in default. The amount of counsel fee could not become certain until after the mortgage fell into *21 default, was foreclosed and the amount due the mortgagee (and the fee) was adjudged by the court. Here that did not happen until long after the federal tax lien was filed. Assuming that an attorney's fee may, under proper circumstances, be entitled to priority, the lien here was not "choate" as is required to give a lien priority. United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1953); Pioneer, supra.
Reversed. No costs.