**FIRST NATIONAL BANK OF LEWIS-TOWN, a Banking Corporation, Plaintiff,**

v.

**Francis C. TILZEY and Mrs. Marie A. Tilzey and the United States of America, Defendants.**

Civ. No. 2497.

United States District Court
D. Montana,
Great Falls Division.

Jan. 18, 1965.

---

DeKalb, Mondale & Johnson, Lewistown, Mont., for plaintiff.

Moody Brickett, U. S. Atty., Butte, Mont., and Clifford E. Schleusner, Asst. U. S. Atty., Billings, Mont., for defendant United States.

JAMESON, District Judge.

Plaintiff contends that the lien of the United States is subordinate to plaintiff's claim for attorney fees, distinguishing United States v. Pioneer American Ins. Co., 1963, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770, on the ground that in Montana attorney fees on the foreclosure of a mortgage are expressly made a part of the costs allowable to the plaintiff under Sections 93–8602 and 93–8613, R.C.M. 1947.

Prior to Pioneer this court, in Streeter Brothers v. Overfelt, 202 F.Supp. 143, held that the lien for attorney fees had priority, relying upon both the mortgage provision for reasonable attorney fees and section 93–8613. Since Pioneer, I have taken the position that this decision of the Supreme Court is controlling, even though it did not expressly consider a statute allowing attorney fees as a part of the costs of foreclosure.

The Court in Pioneer concludes:

" * * * Likewise, when a mortgage has a lien for an attorney's fee which is uncertain in amount and yet to be incurred and paid, such a lien is inchoate and is subordinate to the intervening federal tax lien filed before the mortgagee's lien for the attorney's fee matures.

"But, it is said, the principal and interest of the mortgage were defi-nite in amount, the attorney's fee later became certain by court order and if the tax lien were to prevail the preference of the mortgagee given by § 6323 will be frustrated since payment of the attorney's fee will reduce the net amount realized from the mortgage. Aside from the fact that the mortgagee here will experience no such reduction, this argument would subordinate federal tax liens to inchoate liens and in both United States v. New Britain, supra, and United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283, the Court denied priority to local tax liens which were imperfect when the federal tax lien was filed even though the former had priority over the mortgage and would reduce the recovery of the mortgagee."

In United States v. Buffalo Savings Bank, the New York Court of Appeals had held that the federal tax lien was subordinate to the local taxes as "expenses of sale". In reversing, the Supreme Court said in part: " * * * The state may not avoid the priority rules of the federal tax lien by the formalistic device of characterizing subsequently accruing local liens as expenses of sale". While not precisely in point, I cannot escape the conclusion that the same rule would be followed with respect to attorney fees allowable under a state statute.

A recent case involving a similar question is Camptown Savings and Loan Ass'n v. United States, Superior Court of N. J., App.Div., Sept. 30, 1964, 85 N.J. Super. 18, 203 A.2d 529. The court there held, on the basis of Pioneer, that a federal tax lien took priority over a claim for attorney's fees even where the latter was fixed and definite, the percentage being set out by a rule which had the force of a statute. The court said that the "choateness" test was not met, since the amount of the fee could not become fixed and definite until the mortgage was foreclosed and the fee was fixed by the court, all of which occurred after the

filing of the federal lien. The court said in part:

"Camptown argues that Pioneer is distinguishable because in New Jersey the amount of the fee is fixed by a rule which has the force of a statute; the amount provided for by that rule is fixed and definite, and not merely a 'reasonable' fee, as was provided for in the mortgage in Pioneer; and, because the fee is fixed by rule, it is an 'administration expense.' Finally, Camptown argues that since the sale of the foreclosed property produced an amount over and above the amount due it, exclusive of the attorney's fee (but not enough to pay the federal lien in full), the surplus constitutes a 'fund in court' within the meaning of R.R. 4:55–7(b) and therefore the fee is entitled to priority.

"We find no merit in any of these arguments. It is admitted that the attorney did not create, benefit or protect the so-called fund, and he 'administered' nothing. That the fee is provided for by rule or statute is immaterial. Cf. United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283 (1963). That R.R. 4:55–7(c) sets forth the precise percentage which is to be allowed is also immaterial in the case at bar, for, when the federal tax lien was filed, the mortgage was not even in default. The amount of counsel fee could not become certain until after the mortgage fell into default, was foreclosed and the amount due the mortgagee (and the fee) was adjudged by the court. Here that did not happen until long after the federal tax lien was filed. Assuming that an attorney's fee may, under proper circumstances, be entitled to priority, the lien here was not 'choate' as is required to give a lien priority. United States v. [City of] New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1953); Pioneer, supra."

The lien for attorney fees fails to meet the "choate" test followed in Pioneer, and on the basis of that decision I must conclude that the government tax lien has priority over the attorney fees.

Counsel are requested to agree upon revised findings of facts, conclusions of law, and decree consistent with this opinion.

The court will allow attorney fees in accordance with the rules of court for the district court of Cascade County.