407 P.2d 417

Kyle BIRCH and Margaret Birch, his wife, Appellants,

v.

Robert Charles DODT and Evelyn V. Dodt, his wife, Appellees.*

No. 1 CA-CIV 85.

Court of Appeals of Arizona.

Division 1.

Nov. 8, 1965.

W. T. Choisser, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by Monroe G. McKay and John C. Hover, Phoenix, for appellees.

KRUCKER, Chief Judge.

This is an appeal from the Superior Court of Maricopa County, Arizona, Honorable Henry S. Stevens, Judge, wherein the plaintiffs, Robert Charles Dodt and Evelyn V. Dodt, his wife, obtained summary judgment on October 14, 1963, on their complaint against the defendants, Kyle Birch and Margaret Birch, his wife, for possession of real property.

The facts in the case are nowise in dispute. The sole question is a legal one ap-

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 8204. The matter was referred to this Court pursuant to § 12-120.23 A.R.S.

plicable to the facts which, briefly stated, are as follows:

1. Title to the real property known as 34 West Palm Lane, Phoenix, Arizona, being described as Lot 5, Block 1 LAS PALMAS, in the City of Phoenix, Maricopa County, Arizona, was held by the defendants, Kyle Birch and Margaret Birch, under a warranty deed dated February 23, 1944, and recorded February 29, 1944.

2. The United States Treasury Department, Internal Revenue Service, filed a form entitled Record 21, Record of Seizure and Sale of Real Estate relating to taxes assessed against the defendants and further relating to the subject property.

3. On April 3, 1962, defendants recorded a declaration of homestead on the subject property under the provisions of A.RS. §§ 33–1101 and 33–1102.

4. Pursuant to the Government tax sale there was recorded a deed from the United States government to the plaintiffs, Robert Charles Dodt and Evelyn V. Dodt, conveying to said plaintiffs all right, title and interest in the subject property.

The only issue before this Court on appeal is whether homestead exemptions prescribed by state laws are effective against statutory liens of the United States for federal taxes and specifically whether purchasers at a federal tax sale have good title as against owners claiming a homestead interest declared and recorded after the fixing of the federal tax lien.

The federal tax lien had attached before any homestead exemption had been declared by the defendants.

Internal Revenue Code of 1954 § 6334 enumerates property exempt from levy. It states:

"(c) No other property exempt.— Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."

It will be noted that the federal statutes regarding bankruptcy specifically give a homestead exemption to a bankrupt, 11 U.S.C.A. § 24, but that this exemption does not apply to liens for other taxes, and particularly income taxes. Internal Revenue Code of 1954 § 6321 provides as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

It is not disputed that the taxes due the United States government were income taxes assessed against both defendants.

Appellants rely on the homestead statute (A.R.S. §§ 33–1101, supra) and A.R.S. § 42–312 which state, in part:

" * * * but real property occupied as a homestead shall not be charged for taxes other than the taxes due on the homestead."

As stated, Internal Revenue Code of 1954 § 6334 grants no exemption which covers the situation in this case. The United States Supreme Court has said, " * * * (I)t is not debatable that a tax lien imposed by a law of Congress * * * cannot, without the consent of Congress, be displaced by later liens imposed by authority of any state law or judicial decision." State of Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312 (1943).

Exemptions created by state laws do not render such exemptions effective against federal tax liens. The United States Court of Appeals for the Ninth Circuit stated, in United States v. Heffron, 158 F.2d 657 at 658–659, (1947):

"The Federal taxes assessed as aforesaid constituted liens in favor of appellant upon all property of the bankrupt, including his interest in the homestead property, * * *. Against such liens, exemptions prescribed by State laws are ineffective."

The parties cite Jones·v. Kemp, 144 F.2d 478 (10th Cir. 1944) but that case stands for the principle that a wife is granted an indivisible and vested interest in homestead property, one which cannot be subjected to levy and sale for the satisfaction of the federal tax liability of her husband. In the case before us for decision the tax lien is against the interest of both spouses.

■ If it were proper for the states to enact exemptions which would have priority over liens of the federal government not exempted by the federal government, they could, in effect, destroy such liens by increasing the exemptions to a point where the liens would be ineffective or at least rendered unenforcible.

The judgment of the lower court is affirmed.

HATHAWAY and MOLLOY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.